UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: e.DIGITAL CASES | Civil Nos.<br>12-2696-DMS(WVG)<br>12-2698-DMS(WVG)<br>12-2701-DMS(WVG)<br>12-2825-DMS(WVG)<br>12-2877-DMS(WVG)<br>12-2891-DMS(WVG)<br>12-2899-DMS(WVG)<br>12-2997-DMS(WVG)<br>13-0023-DMS(WVG)<br>13-0112-DMS(WVG)<br>13-0356-DMS(WVG)<br>13-0780-DMS(WVG)<br>13-0781-DMS(WVG)<br>13-0782-DMS(WVG)<br>13-0783-DMS(WVG)<br>13-0785-DMS(WVG) |

SECOND ORDER
REGARDING DISCOVERY

On June 4, 2013, the Court issued an Order Regarding Discovery ("Order"). The Order stated that communications and work product occurring on or after the date of the filing of a lawsuit will generally be exempted from inclusion in a privilege log. (Order at 3).

In the Order, the Court ruled that in e.Digital v. Pentax, 09cv2578 (D. CO) ("CO case"), communications and

work product occurring on or after the date of filing of the CO case were exempted from inclusion on a privilege log. (Order at 4).

In the Order, the Court noted that it did not possess sufficient information regarding <u>e.Digital v. Avid Technology</u>, 08cv0093 (E.D.TX) ("TX case") to issue a decision regarding the same issue decided regarding the CO case. Therefore, the Court ordered the parties to file a Joint Statement that addresses the TX case. On June 14, 2013, the parties submitted the Joint Statement.

In the Joint Statement, the parties informed the Court that they agreed that the prior litigations (the CO case and the TX case) should be treated similarly for the purposes of a privilege log. However, the parties disagree as to the scope of what should be exempted from the privilege log.

(1) <u>Pre-Filing Investigation Documents</u>

Plaintiff proposes, with respect to any prior litigation involving the patents-in-suit and the cases filed in this district, that a privilege log should be produced with respect to all documents withheld on the basis of privilege or work product, except the following: written communications between a party and its counsel related to the litigation, **including any pre-filing investigation**, and work product related to the litigation, **including any pre-filing investigation.**

Plaintiff supports its proposal by stating that the TX case was filed on March 4, 2008. The patents asserted

in the TX case are the same patents asserted in the cases in this district. On October 22, 2009, the TX case was settled as to all parties before the claim construction hearing.

Plaintiff argues that since it was represented by other counsel in the CO and TX cases, and unless a document from those cases is dated, there is little way for Plaintiff's counsel in the cases in this district to determine whether the document was generated before or after the case was filed. Examination of the document's metadata to determine its date of creation would be burdensome and oppressive. Plaintiff risks waiving a privilege if it is unable to independently determine that a privileged document existed prior to the commencement of the litigation, and produces the undated document.

Plaintiff also argues that Fed R. Civ. P. 26(b)(3) precludes production of pre-filing investigation materials. Therefore, the information that could be provided in a privilege log has no relevance to these proceedings because it is not relevant to whether Defendants infringed Plaintiff's patents in the cases in this district.

Defendants argue that the Order already addresses the issue in that it states that all communications and work product occurring on or after the filing of the CO case until that case was resolved are exempt from inclusion in the privilege log. Therefore, it is clear that the privilege log starts at the commencement of the CO case

and the commencement of the first case filed in this district.

Also, Defendants argue that to exempt all communications and work product including pre-filing investigation documents from a privilege log, regardless of date, would render the privilege log meaningless. If all communications and work product were exempted from the privilege log on the basis of privilege or work product, there would be no purpose to a privilege log. Rule 26(b)(3) exempts from discovery only documents "prepared in anticipation of litigation," not all documents that may exist. Further, there is no authority that states that the withheld documents do not need to be logged.

Further, Defendants argue that Plaintiff's argument that its failure to log or produce a privileged but undated document is misplaced. Plaintiff will still have to review the documents to determine whether the document is privileged or work product. Logging of a document on a privilege log does not create a risk of an inadvertent production of that document.

Finally, Defendants argue that they should have the opportunity to assess what Plaintiff claims to be privileged in the context of pre-filing communications, in order to challenge the privilege or work product claim. This is the purpose of a privilege log. Further, pre-filing investigation materials are relevant to whether, and to what extent, Plaintiff conducted pre-filing investigations before filing the cases in this district.

Therefore, Defendants request the following ruling:

With respect to any litigation involving the patents-in-suit, a privilege log shall be produced with respect to all documents withheld on the basis of a claim of privilege or work product, except the following: written communications between a party and its counsel related to and after commencement of the litigation and the work product material related to and generated after the commencement of the litigation.

(2) <u>Documents Re Reexamination Of The Patents</u>

The parties have agreed that with respect to the reexaminations, a privilege log shall be produced with respect to all docs withheld on the basis of privilege or work product except the following: written communications between a party and its counsel related to and after commencement of the reexamination and the work product material related to and after commencement of the reexamination. The Court endorses the parties' agreement.

(3) <u>Ruling</u>

The Court finds that, at this time, Plaintiff's argument that it would be burdensome and oppressive to log all of the pre-filing investigation documents is premature and unsupported. Plaintiff fails to inform the Court of the volume of the pre-filing investigation documents, or whether it has reviewed and examined the pre-filing investigation documents. Without more, the Court can not find that logging the pre-filing investigation documents is burdensome or oppressive. Also, Plaintiff has not

informed the Court of the number of undated pre-filing investigation documents, which it argues will require a metadata review for determination of the date of the document. Nor does Plaintiff describe the burden such a metadata review would impose.

Further, Fed. R. Civ. P. 26(b)(3) exempts from production documents "prepared in anticipation of litigation." Since Plaintiff does not appear to have reviewed and examined all the pre-investigation documents, it can not state with any certainty which pre-filing investigation documents were "prepared in anticipation."

Moreover, if the pre-filing investigation documents are voluminous, each pre-filing investigation document does not necessarily need to be separately logged. In <u>In re Imperial Corp. of America</u>, 174 F.R.D. 475, 477-478 (S.D. Cal. 1997), the court found that in voluminous productions, there is no requirement that every withheld document be individually logged on a privilege log. Instead, the producing party may produce a privilege log that identifies categories of documents.

Therefore, if Plaintiff determines that the pre-filing investigation documents are voluminous, it may produce a privilege log that contains the following information:

(a) each document shall be assigned a number;

(b) an aggregate listing of the numbers of the withheld documents;

   (c) identification of the time periods encompassed by the withheld documents;

   (d) An affidavit containing the representations that the specific range of numbered withheld documents were:

    (i) either prepared in anticipation of litigation, or

    (ii) contain information reflecting communications between counsel or counsel's representatives and Plaintiff or Plaintiff's representatives, for the purpose of facilitating the rendition of legal services to Plaintiff, and

   (e) were intended to be confidential communications. <u>Imperial Corp. of America</u>, 174 F.R.D. at 479.

   If pre-filing investigation documents are not voluminous, Plaintiff shall log each pre-filing investigation document as noted in the Order. (Order at 5-6).

   If Plaintiff is in doubt as to the number of documents necessary to be characterized as "voluminous," Plaintiff shall meet and confer with Defendants to resolve the dispute. Otherwise, Plaintiff should err on the side of logging every pre-filing investigation document.

   Therefore, with respect to any litigation involving the patents-in-suit, a privilege log shall be produced with respect to all documents withheld on the basis of a claim of privilege or work product, except the following: written communications between a party and its counsel related to and after commencement of the litigation and

the work product material related to and generated after the commencement of the litigation.

IT IS SO ORDERED.

DATED:  June 25, 2013

                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge